UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

BRIAN C. TURNER, SR.                 DOCKET NO. 6:14-CV-02812-DEW-PJH

VERSUS

OCEANEERING INTERNATIONAL, INC.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE
TO FILE OUT OF TIME OPPOSITION MEMORANDUM

**MAY IT PLEASE THE COURT:**

Plaintiff, Brian C. Turner, Sr., through undersigned counsel, respectfully submits this Memorandum in Support of his Motion for Leave to File Out of Time Opposition Memorandum. For the reasons and under the authorities cited below, Plaintiff's Motion should be granted.

On April 24, 2015, the Defendant filed a Motion for Summary Judgment. (R. Doc. 9). On April 27, 2015, this Court issued a Notice of Motion Setting, which required an opposition to be filed within twenty one (21) days. (R. Doc. 10). However, counsel for the Plaintiff inadvertently calendared the deadline for May 27, 2015. The secretaries and paralegals normally check the deadlines, but the Smith Law Firm has hired a new secretary and paralegal, who are still adjusting to the firm's calendaring system. Therefore, the error was not realized until undersigned counsel started preparing for the opposition.

According to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, "when an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), the United States Supreme Court held that the rule authorizing the district court to accept

late filings where the failure to timely act is a result of "excusable neglect" contemplates that courts are permitted to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control. See also, *Entergy Production Corp. v. Northfield Ins. Co*., 2010 WL 2854296 (E.D. La. July 15, 2010). In this case, the Plaintiff's failure to act was due to a calendaring mistake that was not realized until after the deadline had passed. The Plaintiff respectfully submits that the opposition memorandum will assist the Court in deciding the Defendant's Motion for Summary Judgment. Therefore, the Plaintiff respectfully requests that the Court allow him to file his opposition memorandum out of time.

    Also, the Defendant will not be prejudiced by the late opposition because it still has time to file a reply memorandum before the June 5, 2015 hearing date. *Shilling v. Ultra–Fabricators, Inc.,* 1994 WL 396300, at *1 (E.D. La. July 22, 1994) (holding that because the late filing of an opposition memorandum did not prejudice the moving party, the moving party's motion to quash the memorandum was denied).

    Based on the foregoing, Plaintiff's Motion for Leave to File Out of Time Opposition Memorandum should be granted.

**RESPECTFULLY SUBMITTED**:

**SMITH LAW FIRM**

/s/Adrienne D. Rachel
**J. ARTHUR SMITH, III, T.A.**
La. Bar Roll No. 07730
**ADRIENNE D. RACHEL**
La. Bar Roll No. 34391
830 North Street
Baton Rouge, Louisiana  70802
Telephone (225) 383-7716
Facsimile (225) 383-7773
**COUNSEL FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the above and foregoing pleading has been electronically filed with the Western District of Louisiana ECF Filing System and, as a standard function of that system, all counsel of record has been provided with an electronic copy.

  Baton Rouge, Louisiana, this 27th day of May, 2015.

/s/Adrienne D. Rachel
Adrienne D. Rachel
